UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. WALSH III,<br><br>           Plaintiff,<br><br>    v.<br><br>JUDGE JAMES GIBBONS, et al.,<br><br>           Defendants. | Civil Action No. 3:16-CV-01409<br><br>(Judge Kosik) |

## MEMORANDUM

*Pro se* Plaintiff, John R. Walsh, III, filed this instant action on July 7, 2016, naming as Defendants, three judges of the Court of Common Pleas of Lackawanna County, the former district attorney and an assistant district attorney for Lackawanna County, and five private-practice attorneys (Doc. 1).  Pursuant to its statutory obligation under 28 U.S.C. § 1915(e)(2), United States Magistrate Judge Joseph F. Saporito, Jr. Screened Plaintiff's complaint (Doc. 4), and recommended that the complaint (Doc. 1) be dismissed pursuant to 29 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii). (Doc. 5).  By order dated August 16, 2016 (Doc. 7), this Court adopted the Report and Recommendation of the Magistrate Judge (Doc. 5).  On August 17, 2016, Plaintiff filed what he has captioned as "Rebuttal to Judge Kosick [*sic*] August 16, 2016 Motion for Trail [*sic*]." (Doc. 8).  We will treat Plaintiff's "Rebuttal" (Doc. 8) as a motion for reconsideration of this Court's August 16, 2016, Order (Doc. 7).

## DISCUSSION

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

It is unclear as to what Plaintiff attempts to argue in his instant motion.  However, it is clear that Plaintiff's instant motion for reconsideration does not set forth any intervening change in the controlling law, produce any evidence which was not previously in existence and available to him, or prove that reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  Plaintiff's attempt to reargue unsuccessful claims simply cannot provide the basis for a successful motion for reconsideration.  Accordingly, Plaintiff's motion for reconsideration will be denied.

## CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's Motion for Reconsideration (Doc. 8).  An appropriate order follows.